Lanny Max SLIFER and the Kansas Association of Public Employees, Plaintiffs,

v.

The PUBLIC EMPLOYEE RELATIONS BOARD OF the STATE OF KANSAS, Defendant.

No. 90–4026–R.

United States District Court, D. Kansas.

May 4, 1990.

Brad E. Avery, General Counsel, Kansas Ass'n of Public Employees, Topeka, Kan., for plaintiffs.

A.J. Kotich and Don Doesken, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

Plaintiffs, Lanny Max Slifer and the Kansas Association of Public Employees (KAPE), seek an order of the court declaring K.S.A. 75–4321(c) of the Public Employer–Employee Relations Act (PERA) unconstitutional. Plaintiffs contend that K.S.A. 75–4321(c), which allows public employers to determine whether they will be governed by the PERA, violates the equal protection provisions of the Fourteenth Amendment and freedom of association provisions of the First Amendment. This matter is presently before the court upon defendant's motion to dismiss.

In order to understand the arguments asserted by the defendant, the court shall provide some background. On December 7, 1989, KAPE filed a petition on behalf of all custodial and maintenance employees of

Unified School District No. 290 with the Kansas Public Employee Relations Board (Board) seeking determination and certification as a bargaining unit. This petition was subsequently dismissed for lack of jurisdiction by the presiding officer of the Board because the school district had not elected to be governed by the provisions of the PERA. KAPE had sought to raise the issue of the constitutionality of K.S.A. 75–4321(c) in its petition, but the presiding officer ruled that the Board could not determine constitutional issues. The dismissal order became the final order when the Board declined to modify or review the presiding officer's decision. Plaintiffs filed this action on January 30, 1990.

The defendant raises several arguments for dismissal. First, defendant contends that plaintiffs are improperly seeking appellate review of a state agency decision in a federal court. Defendant argues that plaintiffs should have sought review of the Board's decision in state court pursuant to K.S.A. 77–601 *et seq.* Second, defendant argues that this court lacks authority to review state administrative decisions where the relief sought is in the nature of appellate review. Third, defendant asserts that plaintiffs' claims are barred by the doctrine of collateral estoppel. Fourth, defendant contends that it cannot be sued for constitutional violations because it is not a person within the meaning of 42 U.S.C. § 1983. Finally, defendant asserts that the court lacks jurisdiction over the plaintiffs' complaint due to the Eleventh Amendment to the United States Constitution.

■ Having carefully reviewed the arguments of the defendant, the court finds no merit to them. Plaintiffs are not seeking review of a state administrative decision in this case. Rather, they are seeking declaratory and injunctive relief based upon the unconstitutionality of a state statute. Such a challenge under 28 U.S.C. § 1331 is proper. *ANR Pipeline Co. v. Corporation Comm'n of State of Oklahoma,* 860 F.2d 1571, 1575–77 (10th Cir. 1988); *Braniff International, Inc. v. Florida Public Service Comm'n,* 576 F.2d 1100, 1103–06 (5th Cir.1978). Further, the

doctrine of collateral estoppel does not prevent the litigation of this action since, inter alia, the issue of the constitutionality of K.S.A. 75–4321(c) was not previously litigated. *See Bud Jennings Carpets & Draperies, Inc. v. Greenhouse,* 210 Kan. 92, 499 P.2d 1096, 1100 (1972). Finally, the defendant is the proper party here and the Eleventh Amendment does not render it immune. Plaintiffs have sued the individual members of the Board in their official capacities seeking only injunctive and declaratory relief. This is proper. *Amisub (PSL), Inc. v. State of Colorado Dept. of Social Services,* 879 F.2d 789, 793 (10th Cir.1989).

IT IS THEREFORE ORDERED that defendant's motion to dismiss be hereby denied.

IT IS SO ORDERED.